[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 17, 1977, at Lawrence, New Jersey.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The parties have entered into an agreement concerning the care and custody of their minor children. It has previously been approved by the court, and is hereby incorporated by reference as part of the court's decree.
Conflict has been the most outstanding characteristic of the parties' marriage. It is hard to imagine two people less suited CT Page 4663 to each other. They have diametrically opposed approaches to almost everything, including the rearing of their children. They share few common values. They have fought, it seems, continuously and loudly. While each blames the other for this state of affairs, their inherent incompatibility is obvious, and the court does not attribute the breakdown of the marriage to one party over the other.
Aside from the dispute over the history of the marriage, the parties dispute both the value and the division of the defendant's interest in his family's business. Each of the parties called a witness to testify as to the value of the defendant's interest. The defendant's witness was more credible. In addition, while the court views the business interest as an asset subject to division, in this case that division should not be equal. The primary value of the business was built, not through the efforts of the plaintiff nor the defendant, but by the defendant's family, over a period of many years beginning long before the marriage of the parties.
The defendant has an earning history that approximates $100,000.00 per year, and that is the sum the Court finds to be his income. In addition, the defendant has other benefits which accrue to him through his business, some of which the business has chosen to pay out in other than present income.
The court has considered the statutory criteria contained in Conn. Gen. Stats. Secs. 46b-81, 46b-82 and 46b-84. The court enters the following orders:
 1. All right title and interest in the marital home is awarded to the plaintiff. She shall be responsible for all costs and liabilities associated with the home and shall indemnify, defend and hold harmless the defendant thereon.
 2. The defendant's interest in the properties in Marco Island, Florida, Portchester, New York, and Watch Hill, Rhode Island are awarded to him.
3. The two IRA accounts are awarded to the plaintiff.
4. The 1988 Jeep is awarded to the plaintiff.
5. The two motorcycles are awarded to the defendant.
6. Except as otherwise ordered herein, all of the furnishings located CT Page 4664 in the marital home are awarded to the plaintiff.
7. The parties shall divide the pension and profit sharing plans sixty percent to the plaintiff and forty per cent to the defendant. The court retains jurisdiction to enter any Qualified Domestic Relations Order which might be necessary to effectuate this order.
8. The defendant shall pay, as alimony, directly to the plaintiff, $425.00 per week, until the death of either party, the plaintiff's remarriage, or her cohabitation (in accordance with statutory provisions), whichever shall earliest occur.
9. The defendant shall pay, as child support, $325.00 per week. This amount deviates from the child support guideline amount urged by the plaintiff. The deviation is appropriate in light of the oldest child's attendance at boarding school, and the educational and therapy expenses for the children and the alimony award made herein, all of which accrue to the benefit of the minor children.
10. Each of the parties shall be responsible for their own counsel fees. Each of the parties shall pay one half of the fees of the attorney for the minor child.
11. The defendant shall maintain medical and dental insurance for the benefit of the minor children. The parties shall share equally in the unreimbursed or non-insured health related expenses incurred on behalf of the minor children. However, the parties shall consult with regard to non-emergency expenses, in particular psychological and psychiatric services, and neither party shall behave unreasonably in incurring such expenses.
12. As additional alimony, the defendant shall pay for COBRA coverage available to the plaintiff for one year from the date of judgment or until the earlier death of either party. This order is non-modifiable as to term.
13. The defendant shall maintain $500,000.00 in life insurance naming the minor children and the plaintiff as irrevocable beneficiaries for so long as he is obligated to pay alimony and child support. When his child support obligations hereunder cease that amount may be reduced to $200,000.00. In the alternative he may maintain the children and the plaintiff as beneficiaries of his estate in these amounts for so long as the respective obligations to them run.
14. The defendant is awarded all the motorcycles, the dining room CT Page 4665 table, an old sled, his tools and miscellaneous personal effects.
By the Court, Elaine Gordon, Judge